B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| PLAINTIFFS<br>BENJAMIN R. ROACH,<br>Chapter 7 Trustee | DEFENDANTS<br>JOHN W. RICHARDS, JR., MD |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>R. KENNY STONE, P.C.<br>P. O. BOX 681<br>STATESBORO, GA 30459   (TEL# 912-764-3232) | **ATTORNEYS** (If Known)<br>SCOTT J. KLOSINSKI<br>7 GEORGE C. WILSON COURT<br>AUGUSTA, GA 30909   (TEL#706-863-2255) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT OBJECTING TO CLAIM AND TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF A SECURITY INTEREST, AND FOR SUBORDINATION OF CLAIM

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[3] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[2] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
OBJECTION TO CLAIM

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>GLOBAL EMERGENCY RESOURCES, LLC | BANKRUPTCY CASE NO.<br>16-10908 | |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT OF GEORGIA | DIVISION OFFICE<br>AUGUSTA | NAME OF JUDGE<br>BARRETT |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>02/16/2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>R. KENNY STONE<br>ATTORNEY FOR PLAINTIFF | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GLOBAL EMERGENCY RESOURCES, ) | |
| LLC, ) | |
| ) | |
| Debtor ) | CHAPTER 7 |
| ) | |
| BENJAMIN R. ROACH, Chapter 7 ) | |
| Trustee, ) | CASE NO. 16-10908 |
| ) | |
| Plaintiff ) | |
| ) | ADVERSARY CASE NO._____ |
| vs. ) | |
| ) | |
| JOHN W. RICHARDS, JR., MD, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT OBJECTING TO CLAIM, TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF A SECURITY INTEREST, AND FOR SUBORDINATION OF CLAIM

Now comes **BENJAMIN R. ROACH**, Trustee in the above Chapter 7 bankruptcy proceeding, and respectfully files this Complaint objecting to the claim of **JOHN W. RICHARDS, JR., MD** (Claim No. 20) as follows:

*Parties and Jurisdiction*

1.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

2.

This is a core proceeding under 28 U.S.C. Section 157(b)(2)(B) and (K).

3.

Venue is proper in this Court under 28 U.S.C. Section 1409(a).

4.

This Complaint is filed as an adversary proceeding pursuant to Bankruptcy Rules 3007(b) and 7001(2).

5.

Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court in this matter.

6.

Defendant **JOHN W. RICHARDS, JR., MD** is a resident of Columbia County, Georgia, and is subject to the jurisdiction of this Court. Defendant may be served with a copy of the Complaint and Summons in this matter at 3914 Mullikin Road, Evans, Georgia 30809.

*Facts*

7.

Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 6, 2016.

8.

The case was converted to a case under Chapter 7 of the Bankruptcy Code on December 21, 2016.

9.

Defendant filed a secured Proof of Claim (the "Proof of Claim") in this matter on November 2, 2016 for the sum of $1,165,000.00 (Claim No. 20) (the "Claim").

10.

The Proof of Claim asserts that the Claim is secured by a security interest in life insurance policies (the "Collateral").

11.

The Proof of Claim appears to include post-petition interest which is not allowed under 11 U.S.C. Section 506(b).

12.

The Proof of Claim fails to include copies of any documents that evidence perfection of the asserted security interests as required by Bankruptcy Rule 3001(d).

## COUNT ONE

*Objection to Claim*

13.

The allegations contained in paragraphs 1 through 12 are incorporated herein by reference and made a part of this Count One as if rewritten in their entirety.

14.

Plaintiff object to the Proof of Claim filed by Defendant and shows that said claim should be disallowed in its entirety.

## COUNT TWO

*Objection to Validity, Priority and Extent of Security Interest*

15.

The allegations contained in paragraphs 1 through 14 are incorporated herein by reference and made a part of this Count Two as if rewritten in their entirety.

16.

Defendant has failed to provide any evidence of a valid and perfected security interest in the Collateral, including an assignment acknowledged by the insurer or other documents that support Defendant's assertion of a lien or security interest in the Collateral.

17.

Defendant failed to perfect his security interest as required under Georgia law, and Defendant does not have a valid perfected security interest in the Collateral.

18.

If Defendant's security interest is determined to be valid, pursuant to 11 U.S.C. Section 506(a), Defendant has a secured claim only to the extent of the value of the Collateral and has an unsecured claim for the balance of the Claim(s).

19.

If Defendant and other secured creditors both assert a security interest in the Collateral, a determination of the priority of Defendant's security interest must be made, and Plaintiff reserves the right to object to the extent and/or validity of all security interests asserted in the Collateral.

20.

Plaintiff objects to the secured status of the Claim.

## COUNT THREE

*Avoidance of Security Interest under 11 U.S.C. Section 544*

21.

The allegations contained in paragraphs 1 through 20 are incorporated herein by reference and made a part of this Count Three as if rewritten in their entirety.

22.

The unperfected security interest of Defendant in the Collateral is avoidable by the Plaintiff pursuant to 11 U.S.C. Section 544.

## COUNT FOUR

*Subordination of Claim under 11 U.S.C. Section 510*

23.

The allegations contained in paragraphs 1 through 22 are incorporated herein by reference and made a part of this Count Four as if rewritten in their entirety.

24.

**VETFED RESOURCES, INC.** ("VetFed") filed an unsecured proof of claim in this case on November 2, 2016 for the sum of $2,219,941.18 (Claim No. 19).

25.

On or about September 30, 2013, Defendant executed and delivered to Debtor and VetFed a Subordination Agreement (the "Subordination Agreement") regarding the debt owed by Debtor to Defendant and asserted as the basis for Defendant's Claim (the "Subordinate Debt"). A copy of the Subordination Agreement is attached hereto as Exhibit A and incorporated herein by reference.

26.

Under the terms of the Subordination Agreement, Defendant agreed to subordinate the Subordinate Debt to the indebtedness owed by the Debtor to VetFed (the "Primary Debt").

27.

The Subordination Agreement further provides that no payments will be made on the Subordinate Debt until the Primary Debt is paid.

28.

Based on the terms of the Subordination Agreement, the Defendant's Claim should be subordinated to the claim of VetFed (Claim No 10) pursuant to 11 U.S.C. 510(a).

29.

Since the claim of VetFed, if allowed, will be paid by the Trustee on a prorata basis with other allowed unsecured claims, Defendant's Claim should be subordinated to all allowed claims in this case.

WHEREFORE, Plaintiff prays that the Court:

(a) Disallow the Claim in its entirety unless Defendant shows that the Claim is a valid obligation of the Debtor;

(b) Determine the extent, validity, and priority of Defendant's security interest in the Collateral and the amount of Defendant's Claim;

(c) Avoid Defendant's security interest to the extent not secured by the Collateral pursuant to 11 U.S.C. Section 506(d);

(d) Avoid Defendant's security interest in the Collateral pursuant to 11 U.S.C. Section 544;

(e) Determine that the Claim is subordinate to the claim of VetFed and all other allowed claims in this case pursuant to 11 U.S.C. Section 510; and

(f) Grant Plaintiff such other and further relief as the Court may deem equitable and just.

This 16th day of February, 2017.

                                      R. KENNY STONE, P.C.

P. O. Box 681                              By:_____
Statesboro, GA 30459                  R. KENNY STONE
912/764-3232                           Attorney for Plaintiff
State Bar No. 684625

# EXHIBIT

# A

## SUBORDINATION AGREEMENT

Date: September 30, 2013

Company: Global Emergency Resources, LLC
1030 Stevens Creek Road
Augusta, GA 30907

Richards: John W. Richards, Jr., MD
3914 Mullikin Road
Evans, GA 30809

VetFed: VetFed Resources, Inc.
2034 Eisenhower Ave., Suite 270
Alexandria, VA 22314-4678

### Subordination

Company owes a debt to Richards in the amount of One Million Dollars ($1,000,000.00). However, Richards hereby agrees to subordinate that debt and take a second position behind VetFed in consideration of VetFed lending an additional amount to Company. Accordingly, the undersigned parties hereby agree:

1. That the amount owed by Company to VetFed shall be the "Primary Debt."

2. That the amount owed by Company to Richards shall be the "Subordinate Debt"

3. That the Subordinate Debt is and will remain subordinate to the Primary Debt.

4. That until the Primary Debt is paid, no payments on the Subordinate Debt will be required to be made.

### Warranties

1. Without VetFed's permission, Richards will not initiate, directly or indirectly, or be a party to any proceeding to recover the Subordinate Debt from Company.

2. Richards subordinates all security interests, liens, and mortgages now or later securing the Subordinate Debt to all security interests, liens, and mortgages now or later securing the Primary Debt.

3. Richards will notify VetFed and Company at least thirty (30) days before any assignment of the Subordinate Debt in any manner.

1

### Lender's Rights

1. Without limitation, consent, notice, or liability and without releasing or impairing any of VetFed's rights against Company, Richards or any of Company's or Richards' obligations in this agreement, VetFed may take any of the following actions:

   a. Take additional security from GER for the Primary Debt;

   b. Release, exchange, subordinate, or lose any security for the Primary Debt;

   c. Release any person obligated on the Primary Debt;

   d. Modify or waive compliance with any agreement relating to the Primary Debt;

   e. Grant any adjustment, indulgence, or forbearance to or compromise with any person liable for the Primary Debt;

   f. Neglect, delay, omit, fail, or refuse to take or prosecute any action for collection of the Primary Debt, to foreclose any collateral, or to take any action regarding any agreement securing the Primary Debt.

2. Lender may assign Lender's rights under this agreement in connection with any assignment or transfer of the Primary Debt.

### General Provisions

1. Any foreclosure against any property securing the Primary Debt shall foreclose and discharge all security interests, liens, and mortgages securing the Subordinate Debt, and any purchaser at the foreclosure sale shall take title to the property free of all security interests, liens, and mortgages securing the Subordinate Debt.

2. The term "debt" or "Debt" means all present and future debts, obligations, and liabilities, direct or indirect, absolute or contingent, joint or several, secured or unsecured, due or not due, contractual or tortious, liquidated or unliquidated, arising by operation of law or otherwise. The term includes all costs incurred to obtain, preserve, perfect, or enforce any security interest, lien, or mortgage; to collect any debt; or to maintain, preserve, collect, and enforce any collateral. The term also includes interest, if any, accruing on these amounts, as provided in any written instrument.

3. Interest on the debt shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the

2

principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

4. Every instrument evidencing or securing the Subordinate Debt will bear on its face a statement indicating that the instrument is subordinate to the Primary Debt as described in this agreement.

5. Debtor and Creditor will take all actions and execute all documents requested by Lender necessary for performance of this agreement.

6. This agreement is performable in the county of Lender's mailing address.

7. This instrument shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

8. When the context requires, singular nouns and pronouns include the plural.

SO AGREED.

**RICHARDS:**

/s/ _John W. Richards, Jr., MD_    _10/5/13_
       John W. Richards, Jr., MD        Date

**VETFED:**

/s/ _Alfred V. Giandone_    _10/7/2013_
By: _Alfred V. Giandone_        Date
Title: _President & CEO_

**COMPANY:**

/s/ _Stanley J. Kuzia, Jr._    _10/5/2013_
By: Stanley J. Kuzia, Jr.        Date
As its: _CEO_

3